JL

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariah Brooks Parks, | No.    CV 22-01147-PHX-JAT (MHB) |
| Petitioner, | |
| v. | **ORDER** |
| Mesa Municipal Court, et al., | |
| Respondents. | |

Petitioner Mariah Brooks Parks, who is not in custody, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will dismiss the Petition without prejudice and with leave to amend.

**I.     Petition**

Petitioner was convicted in Mesa Municipal Court, case #2020063164, of two counts of disorderly conduct and one count of making threats and was sentenced to 60 days in jail, with 45 days postponed, and 36 months unsupervised probation.  On June 23, 2022, the State filed a Petition to Revoke Probation.[1]  Petitioner apparently filed a Motion to Set Aside the Petition to Revoke Probation, which the court denied on July 5, 2022.[2]  A case status review is scheduled for July 20, 2022, and Petitioner is scheduled to be arraigned on

---

[1] *See* https://ecourt.mesaaz.gov/EventInquiry?cn=2020063164 (last accessed July 11, 2022).

[2] *Id.*

JDDL

August 18, 2022.[3]

## II.   Failure to File Complete Form

Rule 3.5(a) of the Local Rules of Civil Procedure requires a habeas corpus petitioner to use a form approved by the Court and comply with the instructions provided with the form.  Among other things, the instructions provided with the form state:

> All questions must be answered clearly and concisely **in the appropriate space on the form**. If needed, you may attach additional pages. **The form, however, must be completely filled in to the extent applicable**.
>
> . . . .
>
> All questions must be answered concisely **in the proper space on the form**. If you need more space, you may attach additional pages. But **the form must be completely filled in to the extent applicable**.

(Emphasis added.)

Petitioner's Petition does not comply with Rule 3.5(a) because Petitioner has not asserted any grounds for relief, identified any constitutional violation, or provided any supporting facts.  Instead, Petitioner directs the Court to various documents she includes with the Petition.  Petitioner **must complete the form**, and if she needs additional space, she may attach additional pages.

## III.   Failure to Allege a Constitutional Violation

Section 2254(a), 28 U.S.C., requires the Court to "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court **only on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States**."  (Emphasis added.)  Absent from Petitioner's grounds for relief is any statement that Petitioner is in custody in violation of the Constitution or the laws or treaties of the United States.  Thus, the Court lacks jurisdiction over this case and will dismiss it.

---

[3] *Id.*

### IV. Lack of Personal Jurisdiction

Petitioner names the Mesa Municipal Court as Respondent and Judge Raymond Schumacher and the Arizona Attorney General as Additional Respondents. A petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of her as the respondent to the petition. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). A petitioner on probation or parole must therefore name the probation or parole officer responsible for petitioner's supervision and the official in charge of the probation agency as respondents. *See* Rule 2(b), Rules Governing Section 2254 Cases, advisory committee's note to 1976 adoption; *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) ("[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'). When a habeas petitioner has failed to name a respondent who has the power to order the petitioner's release, the Court "may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief." *Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004).

Although Petitioner has properly named the Attorney General of the State of Arizona as an additional respondent, she has not named as Respondents the probation officer responsible for her supervision or the official in charge of the probation agency as respondents. Accordingly, the Petition will be dismissed, and Petitioner will be given an opportunity to amend her Petition to name the proper Respondents.

### V. Leave to Amend

For the foregoing reasons, Petitioner's Petition will be dismissed with leave to amend. Within 30 days, Petitioner may submit a first amended petition to cure the deficiency outlined above. The Clerk of Court will mail Petitioner a court-approved form to use for filing an amended petition.

If Petitioner files an amended petition, she must use the court-approved form, set forth each claim in a separate ground, and *specifically allege in each ground the particular*

JDDL

***federal*** *constitutional right allegedly violated, with supporting facts*.  For example, if Petitioner claims her due process rights are violated, she must also include the *federal* rights violated, such as the Fifth and Fourteenth Amendments of the United States Constitution. Likewise, if Petitioner claims her right to effective assistance of counsel was violated, she must also include the *federal* right violated, such as the Sixth Amendment of the United States Constitution.

If Petitioner fails to file her amended petition on the court-approved form included with this Order, it will be stricken, and the action dismissed without further notice to Petitioner.

The amended petition must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Petition by reference.  Any amended petition submitted by Petitioner should be clearly designated as such on the face of the document.

An amended petition supersedes the original petition.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the original pleading is treated as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any ground for relief that was raised in the original petition and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended petition.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Petitioner should be aware that "[a]s an exercise of judicial restraint," federal courts "elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings.   "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case

concluded in the state courts." *Carden*, 626 F.2d at 83-84 (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

**VI.    Warnings**

    **A.    Address Changes**

    Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.    Possible Dismissal**

    If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice, with leave to amend**. Petitioner has **30 days** from the date this Order is filed to file an amended petition.

    (2)    The Clerk of Court must enter a judgment of dismissal without prejudice of this action, without further notice to Petitioner, **if** Petitioner fails to submit an amended petition on the court-approved form within 30 days from the filing date of this Order and deny any pending unrelated motions as moot.

    (3)    The Clerk of Court must send Petitioner the current court-approved form for filing a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)."

    Dated this 20th day of July, 2022.

James A. Teilborg
Senior United States District Judge

JDDL

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1.   <u>Who May Use This Form</u>.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.   You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.   You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.   **This form should not be used in death penalty cases.**   If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.   <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**   The form must be typed or neatly handwritten.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages.   The form, however, must be completely filled in to the extent applicable.   You do not need to cite law.   If you want to file a brief or arguments, you must attach a separate memorandum.

3.   <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.   <u>The Filing Fee</u>.   The filing fee for this action is $5.00.   If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.   You must have an official at the prison or jail complete the certificate at the bottom of the application form.   If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.   LRCiv 3.5(b).

5.   <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your petition and of any other document submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.   <u>Where to File</u>.   You should **file your petition in the division where you were convicted**. *See* LRCiv 5.1(b).   If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division.   If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.   If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division. *See* LRCiv 5.1(b) and 77.1(a).

Revised 3/15/16                                          1

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona   85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
                Attorney for Respondent(s)

_____
(Signature)

9.  <u>Amended Petition</u>.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for writ of habeas corpus form.  You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10.  <u>Exhibits</u>.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging. **Do not submit any other exhibits with the petition.**  Instead, you should paraphrase the relevant information in the petition.  The respondents are obligated to provide relevant portions of the record.

Any exhibits you attach should be individually labeled (e.g. "Exhibit 1," "Exhibit 2," etc.) and attached at the **end** of your petition.   **Exhibits should not be placed in the middle of your petition.**

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Warnings</u>.

   a.   <u>Judgment Entered by a Single Court</u>.   You may challenge the judgment entered by only one court.   Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.   If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

   b.   <u>Grounds for Relief</u>.   You must raise all grounds for relief that relate to this conviction or sentence.   Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

   c.   <u>Exhaustion</u>.   In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.   If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.   If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your petition being stricken or dismissed by the Court.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Petitioner)


                        Petitioner,

v.

_____ ,
(Name of the Director of the Department of
Corrections, Jailor or authorized person having custody
of Petitioner),

                        Respondent,
                        and
The Attorney General of the State of _____ ,

                        Additional Respondent.

**CASE NO**. _____
            (To be supplied by the Clerk)


**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____

_____

_____

     (b)  Criminal docket or case number: _____

2.  Date of judgment of conviction:  _____

3.  In this case, were you convicted on more than one count or crime?      Yes ☐        No ☐

Revised 3/15/16                                    1                                    **530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a)  What was your plea?

   Not guilty                              ☐
   Guilty                                  ☐
   Nolo contendere (no contest)            ☐

   (b)   If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give
   details: _____

_____

_____

_____

   (c)   If you went to trial, what kind of trial did you have?   (Check one) Jury ☐ Judge only ☐

7.  Did you testify at the trial?        Yes ☐         No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☐      No ☐

   If yes, answer the following:

   (a)   Date you filed: _____

   (b)   Docket or case number: _____

   (c)   Result: _____

   (d)   Date of result: _____

   (e)   Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

2

9.  Did you appeal to the Arizona Supreme Court?   Yes ☐          No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?   Yes ☐          No ☐

    If yes, answer the following:

(a)   First Petition.

(1)   Date you filed: _____

(2)   Name of court: _____

(3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4)   Docket or case number: _____

(5)   Result: _____

(6)   Date of result: _____

(7)   Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)   Second Petition.

(1)   Date you filed: _____

(2)   Name of court: _____

(3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4)   Docket or case number: _____

(5)   Result: _____

(6)   Date of result: _____

(7)   Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

4

(c)   Third Petition.

    (1)   Date you filed: _____

    (2)   Name of court: _____

    (3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)   Docket or case number: _____

    (5)   Result: _____

    (6)   Date of result: _____

    (7)   Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)   Did you appeal the action taken on your petition, application, or motion to the:

<table>
<tr><td></td><td></td><td colspan="2">Arizona Court of Appeals:</td><td colspan="2">Arizona Supreme Court:</td></tr>
<tr><td>(1)</td><td>First petition:</td><td>Yes ☐</td><td>No ☐</td><td>Yes ☐</td><td>No ☐</td></tr>
<tr><td>(2)</td><td>Second petition:</td><td>Yes ☐</td><td>No ☐</td><td>Yes ☐</td><td>No ☐</td></tr>
<tr><td>(3)</td><td>Third petition</td><td>Yes ☐</td><td>No ☐</td><td>Yes ☐</td><td>No ☐</td></tr>
</table>

(e)   If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.   State the <u>facts</u> supporting each ground.

    **CAUTION:**   To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.   Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**: _____

_____

_____

_____

_____

_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?   Yes ☐         No ☐

(c) If yes, did you present the issue in a:
        Direct appeal              ☐
        First petition             ☐
        Second petition            ☐
        Third petition             ☐

(d)   If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why:   _____

_____

_____

_____

_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?   Yes ☐         No ☐

6

**GROUND TWO**: _____

_____

_____

_____

_____

_____

    (a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?   Yes ☐          No ☐

(c) If yes, did you present the issue in a:
        Direct appeal      ☐
        First petition       ☐
        Second petition    ☐
        Third petition      ☐

(d)   If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why:   _____

_____

_____

_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?   Yes ☐          No ☐

7

**GROUND THREE**: _____

_____

_____

_____

_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?   Yes ☐        No ☐

(c) If yes, did you present the issue in a:
    Direct appeal          ☐
    First petition          ☐
    Second petition       ☐
    Third petition          ☐

(d)   If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?   Yes ☐        No ☐

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

    (a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐        No ☐

(c) If yes, did you present the issue in a:
           Direct appeal      ☐
           First petition       ☐
           Second petition   ☐
           Third petition     ☐

(d)   If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐        No ☐

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?        Yes ☐        No ☐

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?        Yes ☐        No ☐

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

_____

_____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐        No ☐

If yes, answer the following:

(a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

(b)   Date that the other sentence was imposed: _____

(c)   Length of the other sentence: _____

(d)   Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?        Yes ☐        No ☐

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of-

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: _____
_____
_____
_____
or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

    I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____
**Signature of Petitioner**

_____     _____
Signature of attorney, if any                                    Date

11