JL

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariah Brooks Parks,<br><br>Petitioner,<br><br>v.<br><br>Maricopa County Mesa Municipal Court, et al.,<br><br>Respondents. | No.   CV 22-01147-PHX-JAT (MHB)<br><br>**ORDER** |

On July 8, 2022, Petitioner Mariah Brooks Parks, who is not in custody, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. In a July 30, 2022 Order, the Court dismissed the Petition because it was incomplete, and Petitioner had not asserted a constitutional violation. The Court gave Petitioner 30 days to file an amended petition.

On August 1, 2022, Petitioner filed an Amended Petition. The Court will dismiss the Amended Petition without prejudice.

**I.  Amended Petition**

On October 21, 2021, Petitioner was convicted in Mesa Municipal Court, case #2020063164, of two counts of disorderly conduct and one count of making threats and was sentenced to 60 days in jail, with 45 days postponed, and 36 months unsupervised probation.[1]  On May 11, 2022, Petitioner was convicted of threatening physical assault,

---

[1] *See* https://ecourt.mesaaz.gov/EventInquiry?cn=2020063164 (last accessed Aug.

with the same offense date—August 27, 2020—as her previous convictions.[2]

On June 23, 2022, the State filed a Petition to Revoke Probation.[3] On June 30, 2022, Petitioner filed an Application to Set Aside Judgment, which the court denied on July 5, 2022.[4] On July 19, 2022, Petitioner filed a Rule 32 petition for post-conviction relief.[5] The court conducted a case status review on July 20, 2022.[6] An evidentiary hearing is scheduled for August 8, 2022, and Petitioner is scheduled to be arraigned on the probation revocation on August 18, 2022.[7]

In the Amended Petition, Petitioner names Judge Raymond P. Schumacher as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner asserts four grounds for relief. In Ground One, Petitioner asserts that Judge Schumacher violated her First Amendment right to free speech "for the sole purpose of conviction and incarceration for using the 'N' word to my defense for being har[]assed and discriminated upon n[u]merous times" by a Walmart security guard. Petitioner claims she asked Judge Schumacher why he was charging her "with this wrongful conviction and giving [her] jail time," and Judge Schumacher said it was because she had used a "derogatory word," not because Petitioner had made threats.

In Ground Two, Petitioner contends Judge Schumacher violated her Fifth Amendment rights at the July 20, 2022 case review by explaining that he "passed the judgement in light of the fact that [Petitioner] did not testify." Petitioner asserts that she told Judge Schumacher that she had the right not to incriminate herself, and Judge Schumacher agreed, but stated that he "could not make [a] reasonable dete[r]mination due

---

2, 2022).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

1   to the fact that [Petitioner] did not testify." Petitioner also claims she was "violated by
2   prosecution" on January 26, 2021 when she was "pulled into questioning during [her] very
3   first court appearance." The prosecutor asked Petitioner what she would like to happen to
4   this case, and Petitioner "felt coerced to incriminate [herself] without counsel present."
5   Petitioner contends that her Miranda rights were not given to her when she was questioned
6   without appointed counsel. Petitioner was not appointed counsel until three months later.
7   Petitioner's counsel requested video footage that would be used against Petitioner in court,
8   but the prosecutor failed to produce it.

9   In Ground Three, Petitioner asserts her Sixth Amendment right to counsel was
10  violated because her public defenders "failed to ful[]fill their job duties" and "refus[ed] to
11  give [her] legal advi[c]e." Petitioner claims Judge Schumacher has "limited all four of
12  [her] assigned public defen[ders] throughout [her] case as to what they can say or do to
13  assist [her]." Petitioner also contends she was never offered a plea agreement. Petitioner's
14  current counsel filed a Ruel 32 petition on her behalf, asserting that Petitioner's counsel
15  had failed to file any motions regarding the delay in the arraignment, failed to file any
16  motions regarding the State's inability to obtain surveillance footage due to the seven-
17  month delay in arraigning Petitioner, and failed to convey the terms of a plea offer.

18  In Ground Four, Petitioner asserts Judge Schumacher violated her Second
19  Amendment rights by prohibiting her from possessing a firearm for her protection outside
20  her home or in her personal vehicle.

21  **II.   Discussion**

22  The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents
23  a federal court in most circumstances from directly interfering with ongoing criminal
24  proceedings in state court and applies while the case works its way through the state
25  appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491
26  U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is
27  treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually
28  all of the evils at which *Younger* is directed would inhere in federal intervention prior to

completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Plaintiff has failed to show special or extraordinary circumstances indicating that she will suffer irreparable harm if this Court abstains from hearing her claims until after she has a chance to present them to the state courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84. Thus, the Court will abstain from interfering in Plaintiff's ongoing state-court criminal proceedings. *See, e.g., Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam) (abstention appropriate in § 1983 action for denial of Sixth Amendment right to counsel; plaintiff can adequately litigate her claim in ongoing state criminal proceedings and the potential for federal-state friction is obvious).

**IT IS ORDERED:**

(1) Petitioner's Amended Petition for Habeas Corpus (Doc. 5) and this case are **dismissed without prejudice**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 11th day of August, 2022.

James A. Teilborg
Senior United States District Judge